

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Mr. Sheppard:          Opinion No. O-5664

                            Re: Construction of appropriation
                            made to the Comptroller's Depart-
                            ment in the current appropriation
                            bill

          Your letter of recent date is quoted below:

          "Under the appropriation made to the Comp-
troller, subdivision Gross Production, Natural
Gas, Gross Receipts, Tax Division, there fol-
lows a number of specific itemizations and then
the Rider:

          "'One-half of one percent of all
the oil production tax collection, as
provided by law, together with bal-
ances on hand at August 31, 1943, and
August 31, 1944, is hereby appropriat-
ed to the Comptroller, for which the
items listed above, and only the items
listed above, shall be paid.'

          "Then follows the paragraph:

          "'Audit and examination fees as
provided by law together with balances
on hand at August 31, 1943, and August
31, 1944, are hereby appropriated to
the Comptroller to be used only as
itemized herein in making audits.'

COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Geo. H. Sheppard - page 2

"It is to this last quoted paragraph that this inquiry is made:

"Since there are no itemized appropriations listed against the appropriation made by this paragraph, will it be considered a lump sum appropriation as defined in your Opinion No. O-5577?

"(The audit and examination fees above described are provided for in Section 5, Article II, House Bill 8, Regular Session of the Forty-seventh Legislature.)"

Section 5, Article 2, House Bill 8, Regular Session, 47th Legislature, provides as follows:

"If any person shall violate any of the provisions hereof, he shall forfeit to the State of Texas as a penalty not less than One Hundred Dollars ($100) for each violation and each day's violation shall constitute a separate offense. The State shall have a prior lien for all delinquent taxes, penalties, and interest on all property and equipment used by the producer of gas in his business of producing gas, and if any producer of gas shall fail to remit the proper taxes, penalties, and interest due, or any of them, the Comptroller may employ auditors or other persons to ascertain the correct amount due, and the producer of gas shall be liable, as an additional penalty, for the reasonable expenses or the reasonable value of such services of representatives of the Comptroller, incurred in such investigation and audit; provided, that all funds collected for audits and examinations shall be placed in a gas audit fund in the Treasury and shall constitute a revolving fund which may be used from time to time by the Comptroller in making such audits in addition to the general appropriation made for such purpose, and all of said funds to be placed in said gas audit fund are hereby appropriated for such purpose.

Honorable Geo. H. Sheppard - page 3

The Attorney General shall file suit in
the name of the State of Texas for all
delinquent taxes, penalties, and other
amounts due, and for the enforcement of
all liens under this law; and the venue
of any such suit is hereby fixed in
Travis County."


In our opinion, the audit and examination
fees are appropriated in lump sum to be expended as
provided by law. The reasoning of Opinion No. 0-5577
is applicable here. In that opinion we said:


"No itemization is found. Does this mean
that no appropriation of the fund is made? If
so, what purpose can the Legislature have had
in enacting the rider?

"In our opinion, the language of the rider
is subject to two constructions. It may mean
that only the amounts itemized are appropriated,
in which event, of course, there is no appropria-
tion made. Or it may mean that the fees are ap-
propriated in lump sum for administering the act,
such expenditures from the appropriation to be
limited to the purposes and amounts indicated in
such items as the Legislature might provide. In
the first case, the words 'as itemized herein'
are regarded as components of the appropriation
itself; in the second, as words of limitation,
controlling the expenditure of the lump sum ap-
propriation. Given the second construction, the
failure to provide items indicates a legislative
purpose not to limit the expenditure of the lump
sum appropriation, but to allow its expenditure
in the discretion of the Commission for expenses
involved in administering the law.


"We are persuaded that the second is the
correct construction. Thus interpreted, the
rider has meaning; given the first construc-
tion, it is nugatory and no reason can be as-

Honorable Geo. H. Sheppard - page 4

signed why the Legislature should have incorporated it in the bill."

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *R. W. Fairchild*

R. W. Fairchild
Assistant

RWF-MR

